



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
* * * * * * * * * * * * * * *

*Ex A-E*

**FILED**

DEC - 3 2007

U.S. DISTRICT COURT
BAY CITY, MICHIGAN

BRYAN A. YOUNG and
JILL M. YOUNG

      Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
A Foreign Corporation, Mortgagee,
a/k/a AMC MORTGAGE SERVICES, DEUTSCHE
BANK NATIONAL TRUST COMPANY, as Trustee
of AMERIQUEST MORTGAGE SECURITIES,
INC. and DOES 1-5

      Defendants.

_____/

Case No. _____

**07-15111**

HON. **THOMAS L. LUDINGTON**
U.S. District Court Judge

**MAGISTRATE JUDGE
CHARLES E. BINDER**

**JURY DEMANDED**

D. Richard Black (P25773)
David M. Hall (P14544)
DAVID HALL & ASSOCIATES, P.C.
LAW OFFICE OF D. RICHARD BLACK
Attorney for Plaintiffs
283 Howard Avenue
Holland, MI 49424
(616) 396-3998

## COMPLAINT

     NOW COME Plaintiffs, by and through their counsel, D. Richard Black and David M. Hall, and as their Complaint against Defendants state as follows:

### INTRODUCTION

     1.    Plaintiffs, Bryan A. Young and Jill M. Young, bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth In Lending Act, 15 USC Section 1601, et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 CFR part 226, and to recover damages under state law.

### JURISDICTION AND VENUE

     2.    This Court has subject matter jurisdiction under 28 USC Section 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental

1

jurisdiction), and 15 USC Section 1640 (TILA).  Defendants transact business in the District and are deemed to reside here.

## PARTIES

3.     Plaintiffs own and reside in a home located at 1431 E. Gordonville, Midland,  Michigan 48640.

4.     Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan.  Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

5.     Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime"  mortgages.

6.     Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

7.     Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

8.     During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period.  Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States.  During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

9.     Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Michigan.  Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

10.     Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder.  It is joined as a necessary party.

11.     Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in

Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868.

## FACTS RELATING TO PLAINTIFFS

12.     Prior to April 24, 2003, Plaintiffs applied for a fixed rate mortgage with Ameriquest Mortgage Company, being offered a six and one-half percent (6.5%), 30 year, fixed rate to replace their seven and one-half percent (7.5%).

13.     Plaintiffs needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

14.     The loan was "closed" at the home of the plaintiffs by an agent of Ameriquest; said "closing" being conducted in a hurried manner with no explanation of the terms of the transaction.

15.     At the "closing" the terms of the mortgage presented were contrary to the prior offered 6.5% fixed rate mortgage, and despite Plaintiffs' objections, the Plaintiffs were directed to "hurry up and sign the documents, and we can change the terms later."

16.     Prior to the April 24, 2003, "closing" the Plaintiffs were informed that their home had to be reappraised by their appraiser, Rick L. Manges, as the first appraisal valued of $145,000.00 was too low.

17.     Immediately thereafter on April 22, 2003, a "drive by" appraisal was performed by licensed appraiser, Rick L. Manges, with a statement of market value of $180,000.00; being a 30% inflation of the home's true market value.

18.     The loan was "closed" under the circumstances stated above and, thereafter, the following occurred;

        A.      The terms of the mortgage were not corrected to conform with the agreed upon financing promised; having been unilaterally modified by Ameriquest to an adjustable rate mortgage (ARM) without the consent of the Plaintiffs;

        B.      The original signed documents have never been delivered to Plaintiffs;

        C.      The Defendants failed to properly account to Plaintiffs for payments made subsequent to the "closing" of the loan;

3

          D.     The Plaintiffs were unlawfully charged a 4.787 loan "discount" fee at closing based upon a false promise by Defendants that this would reduce Plaintiffs' interest rate.

    19.     Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

    20.     On information and belief, Ameriquest Mortgage Securities, Inc. owns Plaintiffs' loan.

    21.     In the event Ameriquest Mortgage Securities, Inc. does not own Plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Does 1-5.

    22.     The following documents relate to this loan:

        a.     A Mortgage, Exhibit A

        b.     "ARM" Rider, Exhibit B

        c.     Interest Rate Modification Notice, Exhibit C

        d.     Appraisal, Exhibit D

        e.     Foreclosure Notice, Exhibit E

### COUNT I – TRUTH IN LENDING ACT

    23.     Plaintiffs incorporate paragraphs 1-22 of their Complaint as though fully restated herein.

    24.     This claim is against all Defendants.

<u>RIGHT TO RESCIND</u>

    25.     Because the transaction was secured by Plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by 15 US section 16335 and 12 CFR Section 226.23. Section 226.23 provides:

        (a)     <u>Consumer's right to rescind.</u>

            (1)     In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section [fn] 47.

(2)     To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission, or, if sent by other means, when delivered to the creditor's designated place of business.

(3)     The consumer may exercise and right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn] 48 whichever occurs last.  If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the act. [15 USC Section 1635(f)].

(4)     When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.

(b)     <u>Notice of right to rescind</u>.  In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1)     The retention or acquisition of a security interest in the consumer's principal dwelling.

(2)     The consumer's right to rescind the transaction.

(3)     How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4)     The effects of rescission, as described in paragraph (d) of this section.

(5)     The date the rescission period expires.

(f)     <u>Exempt transactions</u>.  The right to rescind does not apply to the following:

(1)    A residential mortgage transaction [defined in 15 USC Section 1602 (w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2)    A credit plan in which a state agency is a creditor.

### GROUNDS FOR RESCISSION

26.    In connection with the loan, Ameriquest Mortgage Company failed to provide the required disclosures of the Plaintiffs' right to cancel within three days, in violation of 15 USC Section 1635 and 12 CFR Section 226.23, for (without limitation) the reasons stated below.

27.    Ameriquest did not deliver to Plaintiffs two completed notices of the right to cancel on the Federal Reserve Board form.

28.    The delivery of two different notices of right to cancel is confusing and obfuscatory, resulting in lack of clear and conspicuous disclosure of the right to cancel. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual, without benefit of the TILA damages, attorney's fees or the procedural protections of Section 1635.

29.    Furthermore, the "one week" cancellation notice is misleading, as the period given is actually only six days long.

30.    Ameriquest's own staff finds it necessary to prepare on a monthly basis a list of cancellation period expiration dates.

31.    Notice of rescission has been given to Defendants.

32.    The loan has not been rescinded.

33.    Under 15 USC Section 1641 (c), the right to rescind may be exercised against any assignee.

34.    15 USC Section 1635 (g) provides:

Additional relief

In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendants for:

      a.      A judgment voiding Plaintiffs' mortgage, capable of recordation in the public records, and binding upon Defendants;

      b.      Statutory damages for the underlying disclosure violation;

      c.      If appropriate, statutory damages for failure to rescind;

      d.      Attorneys' fees, litigation expenses and costs;

      e.      Such other or further relief as the Court deems appropriate.

## COUNT II – BREACH OF CONTRACT

35.      Plaintiffs incorporate paragraphs 1-22 of Plaintiff's Complaint and paragraphs 23-34 of Count I as though fully restated herein.

36.      This claim is against Ameriquest only.

37.      Defendant Ameriquest contracted and undertook to provide a discounted interest rate if Plaintiffs paid a loan discount fee.

38.      Plaintiffs paid the fee, but did not receive a discounted rate.

39.      Ameriquest thereby breached its agreement.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs against Defendants for:

      a.      Appropriate damages;

      b.      Costs;

      c.      Enjoin any applicable foreclosure period pending full adjudication on the merits of this action;

      d.      Such other and further relief as the Court deems appropriate.

Dated: 11/27/07

D. Richard Black (P25773)
Attorney for Plaintiffs

Dated: 11/27/07

David M. Hall (P14544)
Attorney for Plaintiffs

## JURY DEMAND

NOW COME Plaintiffs, by and through their counsel, and demand trial by jury in this matter.

Dated: 11-27-07

D. Richard Black (P25773)
Attorney for Plaintiffs

Dated: 11/27/07

David M. Hall (P14544)
Attorney for Plaintiffs



LIBER **1144** PAGE **137**

# MORTGAGE

STATE OF MICHIGAN
MIDLAND COUNTY
RECORDED

12 MAY 2003  2:44:38 PM

SCOTT I. HAINES
REGISTER OF DEEDS

Return To:

~~Ameriquest Mortgage~~ Company
~~P.O. Box 11507,~~
~~Santa Ana, CA 92711~~

NTA P03mF0
5062 Lovers Lane
Portage, MI 49002

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

**(A) "Security Instrument"** means this document, which is dated April 24, 2003
together with all Riders to this document.
**(B) "Borrower"** is Bryan A Young and Jill M Young, Husband and Wife

Borrower's address is 1431 E. Gordonville, MIDLAND, MI 48640
. Borrower is the mortgagor under this Security Instrument.
0046631289 - 7329

MICHIGAN-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3023 1/01

VMP -6(MI) (0005)
Page 1 of 15                    Initials: MJY

VMP MORTGAGE FORMS - (800)521-7291

04/24/2003 12:29:13

LIBER **1144** PAGE **138**

(C) **"Lender"** is Ameriquest Mortgage Company

Lender is a Corporation
organized and existing under the laws of Delaware
Lender's address is 1100 Town and Country Road. Suite 200 Orange, CA 92868

Lender is the mortgagee under this Security Instrument.
(D) **"Note"** means the promissory note signed by Borrower and dated April 24, 2003
The Note states that Borrower owes Lender one hundred sixty-two thousand and 00/100
Dollars

(U.S. $162,000.00        ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than June 1, 2033        .
(E) **"Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."
(F) **"Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.
(G) **"Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] 1-4 Family Rider |
| [ ] VA Rider | [ ] Biweekly Payment Rider | [ ] Other(s) [specify] |

(H) **"Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.
(I) **"Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.
(J) **"Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by
check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic
instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit
or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller
machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse
transfers.
(K) **"Escrow Items"** means those items that are described in Section 3.
(L) **"Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.
(M) **"Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.
(N) **"Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

LIBER **1144** PAGE **150**

   BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_Marilyn N. Suszek_
MARILYN N. SUSZEK

_Bryan A Young_ _____ (Seal)
Bryan A Young                    -Borrower

_____

_Jill M Young_ _____ (Seal)
Jill M Young                    -Borrower

_____ (Seal)          _____ (Seal)
            -Borrower                        -Borrower

_____ (Seal)          _____ (Seal)
            -Borrower                        -Borrower

_____ (Seal)          _____ (Seal)
            -Borrower                        -Borrower

0046631289 - 7329

 -6(MI) (0005)          Page 14 of 15     04/24/2003 12:29:13  Form 3023 1/01

LIBER **1144** PAGE **151**

STATE OF MICHIGAN, MIDLAND County ss: MIDLAND

The foregoing instrument was acknowledged before me this 4-24-03 by
Day/Month/Year

BRYAN A. YOUNG AND JILL M. YOUNG

HUSBAND AND WIFE

My Commission Expires: 9-24-05


Notary Public

GENESEE County, Michigan
acting in Midland

Prepared By: Ameriquest Mortgage Company
Erica Stallworth
2425 South Linden Rd., #E, Flint, MI 48532

MARILYN N. SUSZEK
Notary Public, Genesee County, MI
My Commission Expires Sep. 24, 2005

400-15MI (4/02)　　　　　　Page 15 of 15　　　　　　0046631289 - 7329

04/24/2003 12:29:13 PM

### ADJUSTABLE RATE RIDER
**(LIBOR Six-Month-Index (As Published in the Wall Street Journal)- Rate Caps)**

THIS ADJUSTABLE RATE RIDER is made this 24th day of April , 2003   and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to secure Borrower's Adjustable Rate Note (the "Note") to Ameriquest Mortgage Company (the "Lender") of the same date and covering the property described in the Security Instrument and located at:

1431 E Gordonville, MIDLAND, MI  48640

[Property Address]

**THE NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN THE INTEREST RATE AND THE MONTHLY PAYMENT. THE NOTE LIMITS THE AMOUNT THE BORROWER'S INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE THE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
The Note provides for an initial interest rate of  8.750 %. The Note provides for changes in the interest rate and the monthly payments, as follows:

**4.   INTEREST RATE AND MONTHLY PAYMENT CHANGES**
  **(A) Change Dates**
The interest rate I will pay may change on the first day of June, 2005  , and on that day every sixth  month thereafter. Each date on which my interest rate could change is called a "Change Date."

  **(B) The Index**
Beginning with the first Change Date, my interest rate will be based on an Index.   The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as  published in the Wall Street Journal.  The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index which is based upon comparable information.  The Note Holder will give me notice of this choice.

Initials

Loan Number: 0046631289 - 7329

610-1 (Rev 1/01)

04/24/2003 12:29:13 PM

LIBER **1144** PAGE **153**

### (C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding **six** percentage points ( **6.000** %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the maturity date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

### (D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than **10.750% or less than 8.750%.** Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than One( **1.000 %)** from the rate of interest I have been paying for the preceding   six months. My interest rate will never be greater than 14.750)% or less than 8.750)%.

### (E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

### (F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

## B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER

Section 18 of the Security Instrument is amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

Loan Number:  0046631289 - 7329

Initials

610-2 (Rev 1/01)                               Page 2 of 3

04/24/2003 12:29:13 PM

LIBER **1144** PAGE **154**

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing. If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Adjustable Rate Rider.

_____ (Seal)        _____ (Seal)
Borrower Bryan A Young                   Borrower Jill M Young

_____ (Seal)        _____ (Seal)
Borrower                                 Borrower

Loan Number:  0046631289 - 7329

610-3 (Rev 1/01)                      Page 3 of 3

                                                04/24/2003 12:29:13 PM

**AMC**
MORTGAGE SERVICES

P.O. Box 11000
Santa Ana, CA 92711- 1000

Toll Free (800) 430-5262
www.myamcloan.com



April 20, 2005


Bryan A Young                    9253
Jill M Young
1431 E Gordonville Rd
Midland,  MI 48640-9300


ldllldlldlllmllldlllmlllllddllmllmllllmdlldlldll


Re:  Loan Number 0046631289
     Property Address:  1431 E Gordonville
                        Midland MI 48640

                 ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 9.37500%, which is based on an index
value of 3.39000. The margin on your loan is 6.00000. Based on the
new interest rate and a projected loan balance of $ 159,564.31, your
new monthly payment amount will be $ 1,345.03. Your first payment
at the new amount will be due on 07-01-05.

The interest rate in effect immediately prior to this change is
 8.75000%, which is based on an index value of 0.00000.



NEW INTEREST RATE AND PAYMENT:

Interest Rate                        9.37500%
Monthly Payment          $           1,345.03
TOTAL PAYMENT            $           1,345.03

Effective Date of New Payment        07-01-05

For information on your mortgage loan, you can visit
www.myamcloan.com.  If you have any additional questions or concerns,
please contact our Customer Care Department at (800) 430-5262,
Monday through Friday, 7:00 a.m. to 6:00 p.m., Pacific Time.

AR002/025/CPI



34RA0/NCP/2-05

**AMC**
MORTGAGE SERVICES

P.O. Box 11000
Santa Ana, CA 92711-1000

Toll Free (800) 430-5262
www.myamcloan.com

October 20, 2005


#BWNKZZS
Bryan A Young                    7276
Jill M Young
1431 E Gordonville Rd
Midland,  MI 48640-9300


|ı|ıllıılıılııllıılıılııılllıılıılıııılıılıılıılı


Re:  Loan Number 0046631289
     Property Address:  1431 E Gordonville
                       Midland MI 48640

              ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the interest rate and
monthly payment amount on your loan every 6 months. This
notice is to give you information about the next such change.

Your new interest rate will be 10.37500%, which is based on an index
value of 4.35000. The margin on your loan is 6.00000. Based on the
new interest rate and a projected loan balance of $ 158,962.04, your
new monthly payment amount will be $ 1,459.56. Your first payment
at the new amount will be due on 01-01-06.

The interest rate in effect immediately prior to this change is
 9.37500%, which is based on an index value of 3.39000.


NEW INTEREST RATE AND PAYMENT:

| | | |
|---|---|---|
| Interest Rate | | 10.37500% |
| Monthly Payment | $ | 1,459.56 |
| TOTAL PAYMENT | $ | 1,459.56 |

Effective Date of New Payment        01-01-06

For information on your mortgage loan, you can visit
www.myamcloan.com.  If you have any additional questions or concerns,
please contact our Customer Care Department at (800) 430-5262,
Monday through Friday, 6:00 a.m. to 6:00 p.m., Pacific Time.

AR002/026/CPI


Also doing business as Delaware AMC Mortgage Services, Inc., in the states of Texas, Rhode Island, and New Hampshire.

EF04R0/NCP/2-05

April 20, 2006

#BWNKZZS
Bryan A Young
Jill M Young
1431 E Gordonville Rd
Midland, MI 48640-9300

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

Re: Loan Number 0046631289
    Property Address: 1431 E Gordonville,Midland MI 48640

ADJUSTABLE LOAN NOTIFICATION

Your promissory note permits us to change the monthly payment
amount on your loan effective July 01, 2006 and at 6 month(s)
intervals thereafter.

Below is a summary of the interest rate/payment adjustment:

|  | CURRENT | NEW |
|---|---|---|
| Interest Rate | 10.37500% | 11.25000% |
| Index Rate | 4.35000% | 5.22125% |
| Monthly Payment | $ 1,459.56 | 1,561.31 |
| Total Payment | $ 1,459.56 | 1,561.31 |

Interest Rate Formula: The new interest rate was determined by taking
the index rate plus 6.00000%. The new interest rate would be rounded
according to the terms of your note (if applicable). If your payments
are made on the scheduled due dates, the projected unpaid principal
balance for this change is $ 158,439.65.

Your new total payment, including escrows and/or optional insurance,
if applicable, will appear on your monthly billing statement. The next
Interest Rate/Payment adjustment will be effective January 01, 2007.

For information on your mortgage loan, you can visit www.myamcloan.com
if you have any additional questions or concerns, please contact our
Customer Care at (800) 430-5262, Monday through Friday, 5:00 a.m. to
6:00 p.m., Pacific Time.

AR002/029/CPI

Also doing business as Delaware AMC Mortgage Services, Inc., in the states of Texas, Rhode Island, and New Hampshire.

EF04R0(NCP)2-05

**AMC** MORTGAGE SERVICES

P.O. Box 11000
Santa Ana, CA 92711- 1000

Toll Free (800) 430-5262
www.myamcloan.com

October 20, 2006

#BWNKZZS
Bryan A Young
Jill M Young                    2406
1431 E Gordonville Rd
Midland,  MI 48640-9300

Re:  Loan Number 0046631289
     Property Address: 1431 E Gordonville,Midland MI 48640

          NOTICE OF INTEREST RATE CHANGE AND MONTHLY PAYMENT CHANGE

Your interest rate will change on the first day of 12-01-06 and on that
day every 6 months thereafter. Interest is charged after it is
earned. The payment you make on the first of each month pays the interest
for the previous month and the principal for the month ahead. Therefore,
your new monthly payment will change a month after the interest rate
change date. Your new payment will be effective on 01-01-07.

Below is a summary of your current and new interest rate and payment
amount.

|                        |    | CURRENT     |    | NEW         |
|------------------------|----|-------------|----|-------------|
| Interest Rate          |    | 11.25000%   |    | 11.37500%   |
| Index Rate             |    | 5.22125%    |    | 5.40688%    |
| Principal and Interest | $  | 1,561.31    | $  | 1,575.90    |
| Total Monthly Payment  | $  | 1,561.31    | $  | 1,575.90    |

Please be advised that the Total Monthly Payment amount listed includes
escrow amounts based on the most current information available. If the
escrow department is in the process of making an advance or has otherwise
received information necessitating a change in your escrow payment, this
change may not be reflected here and you will be separately notified of
that change if applicable.

The new interest rate was determined by taking the index rate
plus 6.00000%. If applicable, the new interest rate was rounded
according to the terms of your note. The projected unpaid principal
balance used for this change is $ 157,973.18, assuming your payments
were made on the scheduled due dates.

AR002/053/CPI

Federal Law requires us to notify you that we are acting as a debt collector. If you are currently in a bankruptcy or have received a discharge in bankruptcy as to thi
obligation, this communication is intended for informational purposes only and is not an attempt to collect a debt in violation of the automatic stay or the discharge injunctic

Also doing business as Delaware AMC Mortgage Services, Inc., in the states of Texas, Rhode Island, and New Hampshire.

EF06FFINCP19-06



04/24/2003


Ameriquest Mortgage
2377 S Linden Rd, Suite B
Flint, MI 48532


File Number:  20030419


**Dear Ameriquest Mortgage,**

In accordance with your request, I have personally inspected and appraised the real property at:

1431 E Gordonville Road
Midland, MI 48640

The purpose of this appraisal is to estimate the market value of the subject property, as improved. The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the estimated market value of the property as of   April 22, 2003          is:

$180,000
One Hundred Eighty Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions, final estimate of value, descriptive photographs, limiting conditions and appropriate certifications.


Respectfully submitted,


Rick L. Manges
State Licensed Real Estate Appraiser


3144 Davenport Ave, Suite 2, Saginaw, MI 48602   (989) 497-9050/(989) 497-9049



FORECLOSURE NOTICERANDALL S. MILLER & ASSOCIATES, P.C. IS A DEBT
COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.Mortgage Sale - Default has been
made in the conditions of a certain mortgage made by Bryan A. Young and Jill M.
Young, Husband and Wife to Ameriquest Mortgage Company, Mortgagee, dated April
24, 2003, and recorded on May 12, 2003, in Liber 1144, Page 137, Midland County
Records, said mortgage was assigned to Deutsche Bank National Trust Company, as
Trustee of Ameriquest Mortgage Securities, Inc., Asset-Backed Pass Through
Certificates, Series 2003-6 Under the Pooling and Servicing Agreement dated as of May
1, 2003, without recourse by an Assignment of Mortgage which was submitted to the
Midland County Register of Deeds, on which mortgage there is claimed to be due at the
date hereof the sum of One Hundred Sixty Seven Thousand Eight Hundred Seventy Two
Dollars and 73/100 ($167,872.73) including interest at the rate of 11.375% per annum.
Under the power of sale contained in said mortgage and the statute in such case made and
provided, notice is hereby given that said mortgage will be foreclosed by a sale of the
mortgaged premises, or some part of them, at public venue, at the front door of the
courthouse in Midland, Michigan at 10:00 AM on August 21, 2007. Said premises are
situated in the Township of Homer, Midland County, Michigan, and are described as:Lot
4, of Bullock Creek Subdivision No. 1, a part of the South 1/2 of the Southeast 1/4 of
Section 35, Town 4 North, Range 1 East, as per Plat thereof recorded in Liber G of Plats,
Pages 17 and 18, Midland County Records.1431 E. GordonvilleThe redemption period
shall be 6 months from the date of such sale, unless determined abandoned in accordance
with 1948CL600.3241a, in which case the redemption period shall be 30 days from the
date of such sale.Dated: July 19, 2007Randall S. Miller & Associates, P.C. Attorneys for
Assignee 43252 Woodward Ave., Suite 180 Bloomfield Hills, MI 48302 (248) 335-9200
Our File No. 141.00510

JS 44 (Rev. 11/04) **CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BRYAN A. AND JILL M. YOUNG

**07 - 15111**

**DEFENDANTS** Ameriquest Mortgage Company, a foreign corporation, a/k/a AMC Mortgage Services, Deutsche Bank National Trust Co, Does 1-5

**(b)** County of Residence of First Listed Plaintiff   MIDLAND
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   ORANGE, CA
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**JUDGE THOMAS L. LUDINGTON**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
D. Richard Black David M. Hall, 283 Howard
Holland, MI 49424   616-396-3998

Attorneys (If Known)

**MAGISTRATE JUDGE CHARLES E. BINDER**

## II. BASIS OF JURISDICTION (Select One Box Only)

❐ 1  U.S. Government Plaintiff

**X** 3  Federal Question
(U.S. Government Not a Party)

❐ 2  U.S. Government Defendant

❐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ❐ 1 | ❐ 1 | Incorporated or Principal Place of Business In This State | ❐ 4 | ❐ 4 |
| Citizen of Another State | ❐ 2 | ❐ 2 | Incorporated and Principal Place of Business In Another State | ❐ 5 | ❐ 5 |
| Citizen or Subject of a Foreign Country | ❐ 3 | ❐ 3 | Foreign Nation | ❐ 6 | ❐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❐ 610 Agriculture | ❐ 422 Appeal 28 USC 158 | ❐ 400 State Reapportionment |
| ❐ 120 Marine | ❐ 310 Airplane | ❐ 362 Personal Injury - Med. Malpractice | ❐ 620 Other Food & Drug | ❐ 423 Withdrawal 28 USC 157 | ❐ 410 Antitrust |
| ❐ 130 Miller Act | ❐ 315 Airplane Product Liability | ❐ 365 Personal Injury - Product Liability | ❐ 625 Drug Related Seizure of Property 21 USC 881 | | ❐ 430 Banks and Banking |
| ❐ 140 Negotiable Instrument | ❐ 320 Assault, Libel & Slander | ❐ 368 Asbestos Personal Injury Product Liability | ❐ 630 Liquor Laws | **PROPERTY RIGHTS** | ❐ 450 Commerce |
| ❐ 150 Recovery of Overpayment & Enforcement of Judgment | ❐ 330 Federal Employers' Liability | | ❐ 640 R.R. & Truck | ❐ 820 Copyrights | ❐ 460 Deportation |
| ❐ 151 Medicare Act | ❐ 340 Marine | **PERSONAL PROPERTY** | ❐ 650 Airline Regs. | ❐ 830 Patent | ❐ 470 Racketeer Influenced and Corrupt Organizations |
| ❐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ❐ 345 Marine Product Liability | ❐ 370 Other Fraud | ❐ 660 Occupational Safety/Health | ❐ 840 Trademark | ❐ 480 Consumer Credit |
| | ❐ 350 Motor Vehicle | ❐ 371 Truth in Lending | ❐ 690 Other | | ❐ 490 Cable/Sat TV |
| ❐ 153 Recovery of Overpayment of Veteran's Benefits | ❐ 355 Motor Vehicle Product Liability | ❐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ❐ 810 Selective Service |
| ❐ 160 Stockholders' Suits | ❐ 360 Other Personal Injury | ❐ 385 Property Damage Product Liability | ❐ 710 Fair Labor Standards Act | ❐ 861 HIA (1395ff) | ❐ 850 Securities/Commodities/ Exchange |
| ❐ 190 Other Contract | | | ❐ 720 Labor/Mgmt. Relations | ❐ 862 Black Lung (923) | ❐ 875 Customer Challenge 12 USC 3410 |
| ❐ 195 Contract Product Liability | | | ❐ 730 Labor/Mgmt.Reporting & Disclosure Act | ❐ 863 DIWC/DIWW (405(g)) | **X** 890 Other Statutory Actions |
| ❐ 196 Franchise | | | ❐ 740 Railway Labor Act | ❐ 864 SSID Title XVI | ❐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❐ 790 Other Labor Litigation | ❐ 865 RSI (405(g)) | ❐ 892 Economic Stabilization Act |
| ❐ 210 Land Condemnation | ❐ 441 Voting | ❐ 510 Motions to Vacate Sentence | ❐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ❐ 893 Environmental Matters |
| ❐ 220 Foreclosure | ❐ 442 Employment | **Habeas Corpus:** | | ❐ 870 Taxes (U.S. Plaintiff or Defendant) | ❐ 894 Energy Allocation Act |
| ❐ 230 Rent Lease & Ejectment | ❐ 443 Housing/ Accommodations | ❐ 530 General | | ❐ 871 IRS—Third Party 26 USC 7609 | ❐ 895 Freedom of Information Act |
| ❐ 240 Torts to Land | ❐ 444 Welfare | ❐ 535 Death Penalty | | | ❐ 900 Appeal of Fee Determination Under Access to Justice |
| ❐ 245 Tort Product Liability | ❐ 445 Amer. w/Disabilities - Employment | ❐ 540 Mandamus & Other | | | ❐ 950 Constitutionality of State Statutes |
| ❐ 290 All Other Real Property | ❐ 446 Amer. w/Disabilities - Other | ❐ 550 Civil Rights | | | |
| | ❐ 440 Other Civil Rights | ❐ 555 Prison Condition | | | |

## V. ORIGIN (Select One Box Only)

**X** 1 Original Proceeding   ❐ 2 Removed from State Court   ❐ 3 Remanded from Appellate Court   ❐ 4 Reinstated or Reopened   ❐ 5 Transferred from another district (specify)   ❐ 6 Multidistrict Litigation   ❐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601 ET SEQ (TILA)
Brief description of cause:
SUB PRIME LENDING FRAUD

## VII. REQUESTED IN COMPLAINT:
❐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   **X** Yes   ❐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE  11-27-07

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.        Is this a case that has been previously dismissed?      ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.        Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)      ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes :